# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CENTRAL VALLEY MEDICAL GROUP, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**INDEPENDENT PHYSICIAN ASSOCIATES MEDICAL GROUP, INC., dba ALLCARE IPA, DOES 1 through 10, inclusive,**<br><br>Defendants. | 1:19-cv-00404-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND.**<br>**(ECF NO. 6)** |

## I. INTRODUCTION

This case concerns claims brought by Central Valley Medical Group, Inc. ("CVMG") against Independent Physician Associates Medical Group, Inc., dba AllCare ("AllCare") and Does 1 through 10. This case was originally filed in Stanislaus County Superior Court on March 19, 2019. ECF No. 1, Ex. A. On March 27, 2019, Defendant AllCare filed a notice of removal to this court. ECF No. 1. On April 5, 2019, Plaintiff CVMG filed a motion to remand, followed by an opposition from Defendant AllCare on April 22, 2019 and a reply from Plaintiff CVMG on April 29, 2019. ECF Nos. 6, 8, 9. For the following reasons, Plaintiff's motion to remand is **DENIED without prejudice**.

## II. BACKGROUND

Plaintiff alleges that CVMG and AllCare are both corporations doing business in Stanislaus County. ECF No. 1, Ex. A at 1-2. Both CVMG and AllCare are each alleged to be an Independent Physician Association ("IPA"). *Id.* IPAs establish a network of independent physicians and then connect that network to health plans to provide services to members of those health plans. *Id.* The health plans

compensate the IPA on a per member per month basis dependent on how many of the health plan's members choose to sign to that IPA. *Id.* The health plan member's choice of IPA is based most often on whether that plan member's physician is in that IPA. *Id.* The CVMG and AllCare networks are alleged to overlap and contain many of the same physicians. *Id.* at 2.

CVMG alleges that on or about February 2019, AllCare informed physicians in its network that certain bonuses were only available if the physician did not also contract with CVMG, and that this caused at least one physician to terminate their contract with CVMG. *Id.* at 3. On March 19, 2019 CVMG filed a Complaint with the Stanislaus County Superior Court. ECF No. 1, Ex. A. The first cause of action alleged interference with contract. ECF No. 1, Ex. A at 3-4. The second cause of action alleged unfair business practices in violation of California Business and Professional Code § 17200, specifically by offending the policies of three federal antitrust laws. ECF No. 1, Ex. A at 4-5.

On March 27, 2019, AllCare removed to this court, arguing that the second cause of action presented a federal question and the Court had supplemental jurisdiction over the first cause of action. ECF No. 1. CVMG moved to remand on April 5, 2019, arguing that there is no substantial federal question presented in the second cause of action and Court therefore does not have jurisdiction to hear the case. ECF No. 7. AllCare opposed the motion on April 22, 2019. ECF No. 8. CVMG filed its reply on April 29, 2019. ECF No. 9. Pursuant to Local Rule 230(g), the Court determined that this matter was suitable for decision on the papers and took it under submission on April 29, 2019. ECF No. 10.

### III. LEGAL STANDARD

A defendant may remove a civil case from state court to federal court if the action presents either a federal question or the action's parties are citizens of different states and the amount in controversy is over $75,000. 28 U.S.C. §§ 1331, 1441. Subject-matter jurisdiction (in the form of either federal question or diversity jurisdiction) may be challenged at any time prior to final judgment. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

The artful pleading doctrine prevents a plaintiff from circumventing federal jurisdiction by

embedding federal issues within state law causes of action. *See Franchise Tax Bd. of State of Cal. v. Const. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 14 (1983) ("Even though state law creates appellant's causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."); *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("[F]ederal question jurisdiction will lie over state-law claims that implicate significant federal issues."). The Ninth Circuit has elaborated that

> the artful pleading doctrine allows federal courts to retain jurisdiction over state law claims that implicate a substantial federal question. A state law claim falls within this . . . category when: (1) "a substantial, disputed question of federal law is a necessary element of . . . the well-pleaded state claim," . . . or the claim is an "inherently federal claim" articulated in state-law terms, . . . or (2) "the right to relief depends on the resolution of a substantial, disputed federal question . . . ." A careful reading of artful pleading cases shows that no specific recipe exists for a court to alchemize a state claim into a federal claim—a court must look at a complex group of factors in any particular case to decide whether a state claim actually "arises" under federal law.

*Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1042-43 (9th Cir. 2003), *as amended* (Sept. 22, 2003) (internal citations and quotation marks omitted); *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013) (substantial federal question jurisdiction will lie "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."); *Grable*, 545 U.S. at 312 (substantial federal question doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law").

"Courts have fashioned a number of proxies to determine whether a state claim depends on the resolution of a federal question to such an extent as to trigger subject matter jurisdiction." *Lippitt*, 340 F.3d at 1045. In evaluating whether jurisdiction exists, a court must determine if the federal question goes to the gravamen of a plaintiff's claims, or, in other words, "[i]s the federal question 'basic' and 'necessary' as opposed to 'collateral' and 'merely possible'? Is the federal question 'pivotal' as opposed

to merely 'incidental'? Is the federal question 'direct and essential' as opposed to 'attenuated?'" *Id.* Nevertheless, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Lippitt*, 340 F.3d at 1040.

When a court has original federal jurisdiction over one of a plaintiff's claims, the court may exercise supplemental jurisdiction over claims that share a "common nucleus of operative facts" with the federal claim. *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1288 (9th Cir. 2013). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV. DISCUSSION

*A. Federal Question Jurisdiction.*

The core dispute between the parties is whether a substantial federal issue is necessarily raised by Plaintiff's California Unfair Competition Law claim. *See Gunn*, 568 U.S. at 258; *Lippitt*, 340 F.3d at 1041-43.

The California Unfair Competition Law ("UCL") provides a cause of action against three different types of wrongful business practices: 1) "Unlawful" business practices; 2) "Unfair" business practices; and 3) "Fraudulent" business practices. *See* Cal. Bus. & Prof. Code § 17200; *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1089 (N.D. Cal. 2017). The California Supreme Court has defined an "unfair" business practice as "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). When pleading under the "unfair" prong of the UCL and alleging a violation of the policy or spirit of a state or federal antitrust law, the policy must be "tethered to specific constitutional, statutory or regulatory provisions." *Rheumatology Diagnostics Lab., Inc v. Aetna, Inc.*, No. 12–cv–05847–WHO, 2015 WL 1744330, at *24 (N.D. Cal. Apr. 15, 2015) (quoting *Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1271 (2006)); *see*

4

*also Cel-Tech*, 20 Cal. 4th at 186-87 ("we must require that any finding of unfairness to competitors under section 17200 be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition.").

The main reference in Plaintiff's complaint to any policy tethered to an antitrust law is alleged as follows:

> In taking the actions alleged herein, Defendant has unfairly competed with CVMG. Defendant's conduct, as alleged, offends the policies of free competition and free trade and commerce set forth in, inter alia, the federal Sherman Act, Clayton Act, Federal Trade Commission Act, 15 USC §12 et seq; 15 USC §§45 et seq.

ECF No. 1, Ex. A ¶ 23. Plaintiff also pleads allegations regarding AllCare's prior violations of the Federal Trade Commission Act. *Id.* ¶ 26. Thus, Plaintiff's sole theory of UCL unfair competition liability is that AllCare's conduct violates policies tethered to federal antitrust laws. Plaintiff does not explicitly plead in its complaint, much less argue in its opposition, that AllCare's alleged conduct violates policies tethered to California-specific constitutional, statutory, or regulatory provisions. *Compare* ECF No. 1, Ex. A at ¶ 23 *with AT&T Mobility v. AU Optronics Corp.*, 707 F.3d 1106, 1110 (9th Cir. 2013) ("The Cartwright Act enumerates a relatively broad array of anticompetitive and conspiratorial conduct that constitutes a 'trust.' Cal. Bus. & Prof. Code § 16720. The Act declares that 'every trust is unlawful, against public policy and void,' *id.* §16726 . . . ."). The anticompetitive policies Plaintiff pleads that Defendant violated are only "tethered to specific" federal statutes. Indeed, if the Court were to disregard all references Plaintiff makes to federal antitrust law and policies, Plaintiff's UCL claim would fail because it was not predicated on any policies tethered to any law. *In re: National Football Leagues Sunday Ticket Antitrust Litigation,* No. ML 15-02668-BRO, 2016 WL 1192642, at *4 (C.D. Cal. Mar. 28, 2016) ("If the Court were to disregard the allegations regarding Defendants' alleged 'monopoly position' and 'supra-competitive prices,' no alternative and independent unconscionability theory would remain."). Plaintiff's unfair competition cause of action will require a Court to interpret and apply federal antitrust statutes, case law, and policies in order to determine whether AllCare's

conduct constitutes unfair competition under the UCL. Thus, the federal question is "direct and essential" to Plaintiff's unfair competition claim. *See Sacks v. Dietrich*, 663 F.3d 1065, 1068 (9th Cir. 2011); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir. July 6, 2004); *In re: National Football Leagues*, 2016 WL 1192642, at *5; *Cordon v. Wachovia Mortg., a Div. of Wells Fargo Bank, N.A.*, 776 F. Supp. 2d 1029, 1036 (N.D. Cal. 2011). Plaintiff is the "master of [its] complaint," *see Teutscher v. Woodson*, 835 F.3d 936, 956-7 (9th Cir. 2016) (internal quotation marks omitted), and the Court cannot rewrite Plaintiff's complaint to include a state law theory now that Plaintiff desires remand. Therefore, Plaintiff's artfully pleaded unfair competition cause of action "necessarily" raises a substantial, disputed federal question, and federal question jurisdiction exists over this claim. *See Gunn*, 568 U.S. at 258; *Grable*, 545 U.S. at 312; *Lippitt*, 340 F.3d at 1041-42.

Plaintiff's remaining arguments in favor of remand do not change the result.

First, Plaintiff argues his complaint simply pleads federal statutes embodying policies that "mirror" California policies. *See* ECF No. 6 at 3. This is incorrect because, as discussed above, the complaint, as pleaded, raises a substantial, disputed federal question as its sole basis for the unfair competition claim. In contrast, a plaintiff may be able to defeat federal jurisdiction if an "alternative and independent" violation of state antitrust policies is offered as a basis for an unfair competition claim, even if a federal basis is also offered. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."). Consequently, numerous courts have found that, when a plaintiff's UCL claim could be established by reference to a state law predicate alone, there was no federal question and remand was appropriate. *See Gershfeld v. Champion Aerospace LLC.*, No. SACV 13-1318-JVS (JEMx), 2013 WL 12123685, at *2 (C.D. Cal. Oct. 8, 2013) (ordering remand where "Plaintiff may succeed on his UCL failure-to-disclose claim with or without proving a violation of federal law.); *Peoplebrowsr, Inc. v. Twitter, Inc.*, No. C–12–6120-EMC, 2013 WL 843032,

at *4 (N.D. Cal. Mar. 6, 2013) ("Thus, a violation of the unfair prong of the UCL does not necessarily require establishing a violation of the Sherman Act. . . . As Twitter has not demonstrated that PeopleBrowsr's unfair acts UCL claim arises under federal law, remand is appropriate."); *Caldwell v. N. Pac. Mortg. Corp.*, No. C10–05306-THE, 2011 WL 1303629, at *3 (N.D. Cal. Apr. 4, 2011) ("Thus because Plaintiffs' UCL claim is supported by state-law theories of liability, the claim is not necessarily federal in character, and the Caldwells' right to relief does not depend on the resolution of a disputed federal question."); *Briggs v. First Nat. Lending Servs.*, No. C 10-00267-RS, 2010 WL 962955, at *3 (N.D. Cal. Dec. 9, 2010) ("Here, since the complaint's UCL claim is supported by numerous theories of recovery under California law, the alleged violation of TILA is not considered a necessary element under *Rains*."); *California Pinnacle Sec. CA. LP*, 746 F. Supp. 2d 1129, 1131 (N.D. Cal. 2010) ("Because plaintiff is able to show defendant acted unlawfully based on these state law provisions and without any references to federal law, remand is appropriate."); *Hendricks v. Dynegy Power Mktg., Inc.*, 160 F. Supp. 2d 1155, 1165 (S.D. Cal. 2001) ("As a result, Plaintiffs can state a violation under § 17200 in two ways, independent of the Federal Power Act: either by alleging a violation of the Cartwright Act as the predicate offense, or by alleging that the anti-competitive activity was unfair or deceptive even if not unlawful."); *Castro v. Providian Nat'l Bank*, No. C–00–4256-VRW, 2000 WL 1929366, at *3 (N.D. Cal. Dec. 29, 2000) (ordering remand because "plaintiffs have both pled and intend to prove that the unlawful prong of section 17200 is supported by violations of state law as well.").

And, when there is no independent state ground underlying a UCL claim, courts have ruled a federal question exists. *See Nat'l Credit Reporting Ass'n, Inc. v. Experian Info. Solutions*, *Inc.*, No. C04-01661-WHA, 2004 WL 1888769, at *3 (N.D. Cal. July 21, 2004) ("As the master of its complaint, plaintiff could have avoided any issue of federal question and, instead, could have simply borrowed state antitrust laws. But it did not. Rather, plaintiff's claim for unlawful business practices necessarily rests on questions of federal antitrust law."); *In re: National Football Leagues*, 2016 WL 1192642, at *5 (ruling federal jurisdiction proper because "Plaintiff's UCL and common law claims necessarily raise federal

issues."); *California ex rel. Lockyer*, 375 F.3d at 841 n.6 ("While California insists that the district court was obliged to remand if at least one independent state law theory of relief existed, . . . we do not discern any such claim.").

Plaintiff here does not allege two independent policy bases, one state and one federal, but insists on only explicitly pleading and arguing violations of federal antitrust policy. Plaintiff makes no effort to state what exact California policies are being "mirrored." Plaintiff's bare argument that such a policy exists—without even citing California statutes or case law or otherwise attempting to demonstrate that this policy exists—is insufficient to justify remand. The closest Plaintiff comes to identifying a state antitrust policy is in arguing that "the policies underlying the UCL and federal law are the same." ECF No. 6-1 at 4. But referencing the UCL alone is insufficient as well as circular, given *Cel-Tech* held that the UCL requires pleading policies "tethered" to specific predicate antitrust laws beyond the UCL. *Cel-Tech*, 20 Cal. 4th at 186-87. And regardless, Plaintiff's complaint does not attempt to plead that Defendants' conduct offends the state policies underlying the UCL. *See* ECF 1, Ex. A ¶ 23 ("Defendant's conduct, as alleged, offends the policies of free competition and free trade and commerce set forth in, inter alia, the federal Sherman Act, Clayton Act, Federal Trade Commission Act, 15 USC §12 et seq; 15 USC §§45 et seq."). Therefore, Plaintiff has not pleaded an independent state antitrust policy tethered to specific state laws such that Plaintiff's unfair competition claim must be remanded.

Second, Plaintiff argues that because it alleges an "unfair" competition claim, as opposed to "unlawful," remand is appropriate because the Court will not have to determine whether a violation of federal law occurred. This misses the point and mischaracterizes Defendants' argument. The test for whether a federal issue is "necessarily raised" is not whether a violation of federal law has been alleged or must be proven. If a federal question is "basic," "necessary," "pivotal," "direct," or "essential," then federal jurisdiction is proper. *Lippitt*, 340 F.3d at 1045. Thus, a substantial federal question is raised not only when the plaintiff alleges a violation of federal law, but also when the plaintiff alleges conduct that offends policy based on federal law. *See In re: National Football Leagues*, 2016 WL 1192642, at *5

("Although the Court agrees that 'a violation of the unfair prong of the UCL does *not* necessarily require establishing a violation of the Sherman Act,' . . . Plaintiff's UCL cause of action relies on Defendants' alleged 'abuse of its monopoly position' and charging 'supra-competitive prices,' . . . .").

Third, Plaintiff argues *Cel-Tech* held that the "unfair" prong of the UCL requires pleading policies that are tethered to federal antitrust laws, and thus its complaint merely follows the *Cel-Tech* requirements. *See* ECF No. 9 at 4. This is incorrect. *Cel-Tech* does acknowledge the relevance of section 5 of the Federal Trade Commission Act and its jurisprudence to its decision and future determinations of whether conduct is unfair, given the "similarity of language and obvious identity of purpose" of section 5 and § 17200. *See Cel-Tech*, 20 Cal. 4th at 185-86; *see also id.* at 186 n.11 ("Our notice of federal law under section 5 means only that federal cases interpreting the prohibition against 'unfair methods of competition' may assist us in determining whether a particular challenged act or practice is unfair under the test we adopt. We do not deem the federal cases controlling or determinative, merely persuasive."). But *Cel-Tech*'s plain language refers to violation of the policies of "an antitrust law," not any specific antitrust law. *See Cel-Tech*, 20 Cal. 4th at 187 ("the word 'unfair' in that section means conduct that threatens an incipient violation of *an antitrust law*, or violates the policy or spirit of *one of those laws* because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.") (emphasis added). Antitrust policies tethered to state laws are an acceptable predicate for a UCL "unfair" pleading. *See, e.g.*, *Greencycle Paint, Inc. v. Paintcare, Inc.*, 250 F.Supp.3d 438, 451 (N.D. Cal. Apr. 11, 2017) ("Because the Court has found Plaintiff properly alleges a Cartwright Act violation, it finds Plaintiff has also sufficiently stated a UCL claim under the unlawful *and unfair* prongs.") (emphasis added); *see also RLH Indus., Inc. v. SBC Commc'ns, Inc.*, 133 Cal. App. 4th 1277, 1286 (2005) (describing a § 17200 "unfair" claim based on threatening "an incipient violation" of the Cartwright Act). *Cel-Tech* does not require pleading violation of the policies underlying federal antitrust laws. The numerous cases, some of which are cited above, where plaintiffs obtained remand by pleading separate and independent state law violations shows Plaintiff is incorrect

that a finding of federal question jurisdiction here would make "every unfair practices claim a federal claim." ECF No. 9 at 5.

Finally, Plaintiff submits an amended complaint, arguing that by adding two new causes of action for violation of California law, it shows that its "single reference to federal policies . . . does not raise a 'substantial' question of federal law." *See* ECF No. 9 at 4-5. The test for federal question jurisdiction here does not depend on whether there are more state causes of action as compared to actions raising a federal question. Even if the Court were to accept the amended complaint (which at this time it does not), there would still be a necessary federal question embedded in the UCL claim.

Therefore, Plaintiff's UCL claim necessarily raises a substantial federal question, over which this Court has jurisdiction. Remand is not proper. Nevertheless, because it appears Plaintiff could amend the complaint to allege an independent state law basis for its UCL claim, which may compel remand, the Court will deny Plaintiff's motion without prejudice.

*B. Supplemental Jurisdiction*

Supplemental jurisdiction is a doctrine of discretion, not of right. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Supplemental jurisdiction over state-law claims exists when a federal claim is sufficiently substantial to confer federal jurisdiction, and there is "a common nucleus of operative fact between the state and federal claims." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) ); *see also* 28 U.S.C. § 1367. The parties do not appear to dispute that all causes of action in this case are based on the common nucleus of AllCare's conduct in contracting with independent physicians. *See* ECF No. 1, Ex. A ¶¶ 14, 21. Therefore, the Court finds that supplemental jurisdiction over Plaintiff's remaining claim is appropriate in this case so long as no independent state law basis for the unfair competition claim is alleged.

*C. Temporary Restraining Order*

Plaintiff requests in its reply that if remand is denied, the Court set a hearing date for a temporary

restraining order. *See* ECF No. 9 at 5. The Court has not received any formal application from CVMG for a temporary restraining order, and Plaintiff's informal request in its reply does not comply with the Federal Rules of Civil Procedure or this Court's local rules. *See* Fed. R. Civ. Proc. 65; Local Rule 231. The Court will not consider Plaintiff's request at this time. Plaintiff may renew its request in compliance with the federal and local rules if it so desires.

## V. CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's motion to remand is **DENIED without prejudice**. Plaintiffs shall have twenty (20) days from electronic service of this Order to file an amended complaint and renew their motion to remand if they desire. Additionally, in light of the law discussed above, the Court would entertain remand by stipulation. Finally, the pending motion to dismiss will be held in abeyance until the filing of an amended pleading, or until the expiration of the amendment period, whichever is sooner.

IT IS SO ORDERED.

Dated: **June 14, 2019**                    /s/ Lawrence J. O'Neill
                                             UNITED STATES CHIEF DISTRICT JUDGE