**DOLL AMIR & ELEY LLP**
MICHAEL M. AMIR (SBN 204491)
mamir@dollamir.com
KRISTA HERNANDEZ (SBN 216746)
khernandez@dollamir.com
725 S. Figueroa Street, Suite 3275
Los Angeles, California 90017
Tel: 213.542.3380
Fax: 213.542.3381

Attorneys for Plaintiff,
CENTRAL VALLEY MEDICAL GROUP, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY MEDICAL GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INDEPENDENT PHYSICIAN ASSOCIATES MEDICAL GROUP, INC., DBA ALLCARE IPA, <br><br> Defendants. | Case No. 1:19-cv-00404-LJO-SKO <br><br> *Assigned to Courtroom 4* <br> *The Hon. Lawrence J. O'Neill* <br><br> **PLAINTIFF CENTRAL VALLEY MEDICAL GROUP, INC.'S *EX PARTE* APPLICATION FOR AN ORDER SETTING HEARING ON MOTION FOR REMAND ON SHORTENED TIME; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [*Declarations of Krista Hernandez and Sandra James and [Proposed] Order filed concurrently herewith*] <br><br> Complaint Filed: 03/19/19 <br> Amended Complaint Filed: 07/08/19 <br> Trial Date:     None |

# *EX PARTE* APPLICATION

Plaintiff Central Valley Medical Group, Inc. ("CVMG") hereby applies to this Court *ex parte* application for an order setting its renewed Motion for Remand ("Motion") for hearing on shortened time.

On June 14, 2019, this Court issued its Memorandum Decision and Order Denying Plaintiff's Motion to Remand (ECF Dkt. 20) which ordered as follows:

> For the reasons stated above, Plaintiff's motion to remand is **DENIED without prejudice**. Plaintiffs shall have twenty (20) days from electronic service of this Order to file an amended complaint and renew their motion to remand if they desire. Additionally, in light of the law discussed above, the Court would entertain remand by stipulation. Finally, the pending motion to dismiss will be held in abeyance until the filing of an amended pleading, or until the expiration of the amendment period, whichever is sooner.

Consistent with the Court's order, on July 8, 2019, CVMG filed its First Amended Complaint (ECF Dkt. 21), which First Amended Complaint contains no federal question.

This Application is made pursuant to (a) Federal Rules of Civil Procedure 6(c)(1)(C) & 7(b) and (b) Local Rule 144(e) of the United States District Court for the Eastern District of California.

## Good Cause Supports This *Ex Parte* Application

Good cause exists for the requested relief because CVMG has filed its renewed motion for remand concurrently with this *ex parte* application in good faith and consistent with the Court's June 14, 2019 order and now seeks to have this motion heard as quickly as practicable, so as to allow CVMG to seek substantive emergency

relief from the court of proper jurisdiction.[1]  Good cause exists to grant this *ex parte* Application because:

    (1) This Court's lack of jurisdiction is apparent on the face of the First Amended Complaint.  CVMG requested that Defendant stipulate to have this case remanded to state court, but Defendant's counsel refused.

    (2) CVMG needs emergency relief and thus seeks to have the discrete issue of the Court's jurisdiction resolved on shortened time so that it can seek such emergency relief from the Court with proper jurisdiction over this case.

    (3) CVMG has attempted in good faith to obtain from Plaintiff's counsel agreement to the shortening brief and hearing schedule on this motion.

    (4) the shortened time will not prejudice Defendant.

Counsel for CVMG requested, by email correspondence of July 12, 2019, that Defendant agree to the requested relief.  *See* Declaration of Krista Hernandez at ¶¶ 11-12, Ex. A.  Counsel for Defendant has advised that they oppose the relief sought by CVMG.  *Id.*  In light of the foregoing, and in light of the relief sought by this Application, Plaintiff contends that *ex parte* relief is proper as opposed to a joint motion.  Defendant has been advised of the request for *ex parte* relief.  *Id*.

This Application is based on this Application, the attached memorandum of points and authorities, and the attached Declaration of Krista Hernandez, which includes all exhibits referenced.

DATED: July 15, 2019                        DOLL AMIR & ELEY LLP

                                                  By: */s/ Krista Hernandez*
                                                       MICHAEL M. AMIR
                                                       KRISTA HERNANDEZ
                                                    Attorneys for Plaintiff,
                                                    Central Valley Medical Group, Inc.

---

[1] CVMG is preparing its papers requesting emergency relief and in the event remand does not occur forthwith, intends to file its request for such relief before this Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Central Valley Medical Group, Inc. ("CVMG") respectfully submits this Memorandum of Points and Authorities in support of its *Ex Parte* Application for an Order setting its renewed Motion for Remand ("Motion") for hearing on shortened time.

## I. INTRODUCTION

CVMG seeks to have this case remanded to the court of proper jurisdiction, California state court, as there is no federal question in its First Amended Complaint filed on July 8, 2019. ECF Dkt. 21. CVMG intends to seek a temporary restraining order and is in the process of preparing papers requesting such emergency relief. CVMG hopes to have such request heard by the court of appropriate jurisdiction and thus seeks to have this case remanded as soon as practicable to California state court. In the event remand does not occur in time to allow for the emergency relief it seeks, CVMG intends to file its request for such relief before this Court.

CVMG seeks the following briefing and hearing schedule:

- Renewed Motion for Remand filed – July 15, 2019
- Deadline for Opposition to Motion for Remand July 18, 2019
- Deadline for Reply to Motion for Remand – July 19, 2019
- Hearing on Motion for Remand – July 22, 2019 or a date convenient for this Court.

## II. PROCEDURAL POSTURE

On June 14, 2019, this Court issued its Memorandum Decision and Order Denying Plaintiff's Motion to Remand (ECF Dkt. 20) which ordered as follows:

> For the reasons stated above, Plaintiff's motion to remand is **DENIED without prejudice**. Plaintiffs shall have twenty (20) days from electronic service of this Order to file an amended complaint and renew their motion to remand if they desire. Additionally, in light of the law discussed above, the Court would entertain remand by stipulation. Finally, the pending motion to dismiss will be

DOLL AMIR & ELEY LLP

held in abeyance until the filing of an amended pleading, or until the expiration of the amendment period, whichever is sooner.

Consistent with the Court's order, on July 8, 2019, CVMG filed its First Amended Complaint (ECF Dkt. 21), which First Amended Complaint contains no federal question. CVMG sought to obtain Defendant's agreement to remand by stipulation, but to date, Defendant has not agreed to such remand.

### III. LEGAL ARGUMENT

**A. The Court Has The Power To Grant The Relief Requested**

The Court has the inherent power to control its docket, including the granting of orders allowing motions to be heard on shortened time. *See E. Dist. L.R.* 144(e); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992) ("District courts have the inherent power to control their dockets…") The use of this power is particularly appropriate in this case, as there is no justification for the continuing jurisdiction of this court pursuant to the recently filed First Amended Complaint. It is well established that "[t]he objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. Rule 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'[2] See *Kontrick v. Ryan,* 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 506–07 (2006). The Court has the ability to grant CVMG the requested relief to have any controversy regarding the subject matter of this litigation heard on shortened time. In fact, this Court has the power to remand this case back to state court on its own motion.

---

[2] Federal Rules of Civil Procedure rule 12(h)(3) currently reads as follows: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

**B.   There Is Good Cause For The Court To Exercise Its Discretion To Grant CVMG's Requested Relief**

The relief CVMG seeks is important to allow the case to continue forthwith in the court of proper jurisdiction.  Good cause exists for the following reasons:

1.   <u>Lack of Federal Court Jurisdiction is Apparent on Face of First Amended Complaint.</u>

It is apparent from the face of the First Amended Complaint that there is no federal question requiring this Court's jurisdiction.  As such, it would be appropriate and efficient for the parties to stipulate to such remand as suggested by this Court's order on June 14, 2019 order. ECF Dkt. 20.  CVMG asked counsel to stipulate to remand but counsel refused.

2.   <u>CVMG Intends to Seek Immediate Emergency Relief</u>

CVMG's business is in danger of suffering immediate and irreparable injury, loss, or damage and thus intends to seek emergency relief.  Declaration of Sandra James, ¶¶ 16-25.  CVMG hopes to do so from the court with jurisdiction over this case – California state court – but will seek relief from this Court if remand does not occur in time to allow CVMG to obtain the relief it requires.

3.   <u>The Requested Expedited Briefing Schedule Would Allow for Expedited Remand to State Court.</u>

The briefing schedule requested by CVMG is as follows:

- Renewed Motion for Remand filed – July 15, 2019
- Deadline for Opposition to Motion for Remand July 18, 2019
- Deadline for Reply to Motion for Remand – July 19, 2019
- Hearing on Motion for Remand – July 22, 2019 or a date convenient for this Court.

The narrow issue to be determined is whether there is a federal question remaining in the First Amended Complaint.  This narrow issue should not require extensive briefing by either party and as such, the above proposed schedule allows Defendant to

DOLL AMIR & ELEY LLP

submit papers in Opposition to the renewed Motion for remand, but may allow remand to occur such that CVMG can request relief from the court of proper jurisdiction.

   4. <u>Plaintiff Will Suffer No Prejudice By The Requested Briefing Schedule.</u>

  As noted above, it is apparent from the face of the First Amended Complaint that there is no federal question requiring this Court's jurisdiction. This is a circumstance where remand by stipulation would be most appropriate and there should be no need to trouble the Court with any briefing on this issue. There is no supportable argument for continued federal jurisdiction here and Counsel for Defendant has taken the position that despite modifications to the Complaint, the "substance of the claim still necessarily raises a federal antitrust issue." *See* Declaration of Krista Hernandez at ¶¶ 11-12, Ex. A. However, because Defendant has refused to stipulate to remand, CVMG requests this expedited briefing schedule so that this issue is resolved expeditiously and Defendant has a reasonable opportunity to submit opposition. If, as CVMG asserts, Defendant has no viable opposition, there can be no prejudice to Defendant in having this case remanded to proceed in the court with appropriate jurisdiction over this case forthwith.

  Based on the foregoing, good cause exists to set the briefing and hearing schedule detailed above for CVMG's renewed motion for remand.

**C.** **The *Ex Parte* Application Shows That Plaintiff's Counsel Was Given Proper Notice Of This *Ex Parte* Application**

  As indicated in the Application, as well as in the concurrently filed Declaration of Krista Hernandez, Defendant's counsel in this matter was given proper and sufficient notice of CVMG's intention to seek this *Ex Parte* Application by email, consistent with Local Rule 144(e). *See* Hernandez Decl., ¶¶ 1112 & Exh. A.

/ / /

/ / /

/ / /

# IV. CONCLUSION

Based on the foregoing, CVMG respectfully requests that the Court grant its *Ex Parte* Application and enter an Order setting the following briefing schedule:

- Renewed Motion for Remand filed – July 15, 2019
- Deadline for Opposition to Motion for Remand July 18, 2019
- Deadline for Reply to Motion for Remand – July 19, 2019
- Hearing on Motion for Remand – July 22, 2019 or a date convenient for this Court.

DATED: July 15, 2019                    DOLL AMIR & ELEY LLP


By: */s/ Krista Hernandez*
    MICHAEL M. AMIR
    KRISTA HERNANDEZ
Attorneys for Plaintiff,
Central Valley Medical Group, Inc.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **725 S. Figueroa Street, Suite 3275, Los Angeles, California 90017**.

On July 15, 2019, I served the foregoing document described as **PLAINTIFF CENTRAL VALLEY MEDICAL GROUP, INC.'S EX PARTE APPLICATION FOR AN ORDER SETTING HEARING ON MOTION FOR REMAND ON SHORTENED TIME; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 725 S. Figueroa Street, Suite 3275, Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐ **BY OVERNIGHT DELIVERY:** I caused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees. The envelope or package was deposited with delivery fees thereon fully prepaid.

☐ **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ **BY CM/ECF:** I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the aforementioned CM/ECF registrants.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 15, 2019, at Los Angeles, California.

_____
Diana Kang

1
PROOF OF SERVICE

## SERVICE LIST

| | |
|---|---|
| James Maxwell Cooper<br>Michael A. Gawley<br>KESSENICK GAMMA & FREE, LLP<br>44 Montgomery Street, Suite 3880<br>San Francisco, CA 94104<br>Tel:(415) 362-9400<br>Fax: (415) 362-9401<br>Email: mcooper@kgf-lawfirm.com<br>Email: mgawley@kgf-lawfirm.com | *Attorneys for Defendant*<br>*Independent Physician*<br>*Associates Medical Group, Inc.*<br>*dba Allcare IPA* |