# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CENTRAL VALLEY MEDICAL GROUP, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**INDEPENDENT PHYSICIAN ASSOCIATES MEDICAL GROUP, INC., dba ALLCARE IPA, DOES 1 through 10, inclusive,**<br><br>**Defendants.** | 1:19-cv-00404-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER SETTING HEARING ON MOTION FOR REMAND ON SHORTENED TIME (ECF No. 23)** |

This case concerns claims brought by Central Valley Medical Group, Inc. ("CVMG") against Independent Physician Associates Medical Group, Inc., dba AllCare ("AllCare") and Does 1 through 10.

On June 14, 2019, the Court previously denied Plaintiff's motion to remand. ECF No. 20. The Court Ordered any amended complaint and renewed motion to remand be filed within twenty days. *Id.* at 11. On July 8, 2019, Plaintiff filed its First Amended Complaint before the twenty-day deadline expired. ECF No. 8. However, Plaintiff did not file its renewed motion to remand until July 15, 2019, after the 20-day deadline expired. ECF No. 22. On the same day, Plaintiff filed an ex parte application for the renewed motion for remand to be briefed on shortened time. ECF No. 23. Defendants opposed the ex parte application. ECF No. 27.

Plaintiff argues expedited briefing on the motion to remand is necessary because Plaintiff alleges that a significant portion of its contracts with primary care physicians will terminate effective July 31, 2019. *See* ECF No. 23-2. If that termination remains operative for more than 30 days, Plaintiff claims

1

that an expensive and time-consuming credentialing process would be required to add that physician back to CVMG's network. *Id*. Plaintiff alleges that it is unlikely that CVMG could seamlessly return those physicians to its network and that it will likely lose some of the physicians forever. *Id.* CVMG claims this would have a severe negative impact on the treatment and health of its patients cared for by any physicians who leave the network. *Id.* Defendants oppose the shortened deadline, arguing that the need for emergency relief is a result of Plaintiff's strategic delays to obtain its preferred forum.

The Court agrees with Defendants that Plaintiff has engaged in unnecessary delay and violated the Court's ordered deadline. Given the serious potential consequences of delay alleged by Plaintiff, the Court does not understand why, for example, Plaintiff has not moved for a temporary restraining order in this Court or requested expedited briefing after filing the First Amended Complaint. Plaintiff's actions reek of forum shopping. Going forward, Plaintiff is cautioned the Court will not tolerate Plaintiff's use of patient well-being as a bargaining chip to justify emergency relief that is needed in part due to Plaintiff's own delays. Nevertheless, Defendants do not dispute the substance of the alleged consequences and potential impacts on patients and their treating physicians. Therefore, the Court will grant the request for an expedited briefing scheduled on the renewed motion to remand, however the Court will modify the proposed deadlines.

For the reasons stated above, the Court **ORDERS** as follows: Plaintiff's application for ex parte relief is **GRANTED IN PART.** Defendants shall file their opposition to Plaintiff's renewed motion to remand on or before **July 24, 2019**. Plaintiff shall file its reply by **2:00 p.m. pacific time on July 26, 2019.**

IT IS SO ORDERED.

Dated: **July 17, 2019**          /s/ Lawrence J. O'Neill
                           UNITED STATES CHIEF DISTRICT JUDGE