# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CENTRAL VALLEY MEDICAL GROUP, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**INDEPENDENT PHYSICIAN ASSOCIATES MEDICAL GROUP, INC., dba ALLCARE IPA, DOES 1 through 10, inclusive,**<br><br>Defendants. | 1:19-cv-00404-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S RENEWED MOTION TO REMAND. (ECF NO. 22) AND PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER (ECF NO. 31)** |

## I. <u>INTRODUCTION</u>

This case concerns claims brought by Central Valley Medical Group, Inc. ("CVMG") against Independent Physician Associates Medical Group, Inc., dba AllCare ("AllCare") and Does 1 through 10. This case was originally filed in Stanislaus County Superior Court on March 19, 2019. ECF No. 1, Ex. A. On March 27, 2019, AllCare filed a notice of removal to this Court. ECF No. 1. On April 5, 2019, CVMG filed a motion to remand, followed by an opposition from AllCare on April 22, 2019 and a reply from CVMG on April 29, 2019. ECF Nos. 6, 8, 9. That motion to remand was denied without prejudice on June 14, 2019. ECF No. 20. On July 8, 2019, CVMG filed a first amended complaint ("FAC"). ECF No. 21. On July 15, 2019, CVMG filed a renewed motion to remand, including a request for frees and costs. ECF No. 22. The same day, CVMG also filed an *ex parte* request for a shortened briefing schedule, which the Court granted in part. ECF No. 30. On July 22, 2019, CVMG filed a motion for a temporary restraining order. ECF No. 31. Due to the urgency of CVMG's request for a TRO, the Court issued an order notifying the parties it would rule on the motion to remand without a reply. ECF

1

No. 32. AllCare filed its opposition to the renewed motion to remand on July 24, 2019. ECF No. 34. Pursuant to Local Rule 230(g), the Court finds this matter suitable for decision on the papers

For the following reasons, CVMG's motion to remand is **GRANTED**. CVMG's request for a temporary restraining order is **DENIED** as moot.

## II. BACKGROUND

The Court incorporates by reference its prior recitation of the facts of this case. *See* ECF No. 20 at 1-2. CVMG's amended complaint pleads a significant number of additional factual and legal bases for its claims. ECF No. 21. Most pertinent to this motion, CVMG amended its Unfair Business Practices cause of action to remove the references to federal antitrust law, and instead pleaded as the necessary predicate violation for the § 17200 Unfair Competition Law ("UCL") unfair business practices claim that AllCare's conduct "offends the policies of free competition and free trade, and significantly threatens or harms competition." *Id.* ¶ 183.

## III. STANDARD OF DECISION

A defendant may remove a civil case from state court to federal court if the action presents either a federal question or the action's parties are citizens of different states and the amount in controversy is over $75,000. 28 U.S.C. §§ 1331, 1441. Subject-matter jurisdiction (in the form of either federal question or diversity jurisdiction) may be challenged at any time prior to final judgment. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

The artful pleading doctrine prevents a plaintiff from circumventing federal jurisdiction by embedding federal issues within state law causes of action. *See Franchise Tax Bd. of State of Cal. v. Const. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 14 (1983) ("Even though state law creates appellant's causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."); *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("[F]ederal question jurisdiction will lie over state-law claims

that implicate significant federal issues."). The Ninth Circuit has elaborated that

> the artful pleading doctrine allows federal courts to retain jurisdiction over state law claims that implicate a substantial federal question. A state law claim falls within this . . . category when: (1) "a substantial, disputed question of federal law is a necessary element of . . . the well-pleaded state claim," . . . or the claim is an "inherently federal claim" articulated in state-law terms, . . . or (2) "the right to relief depends on the resolution of a substantial, disputed federal question . . . ." A careful reading of artful pleading cases shows that no specific recipe exists for a court to alchemize a state claim into a federal claim—a court must look at a complex group of factors in any particular case to decide whether a state claim actually "arises" under federal law.

*Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1042-43 (9th Cir. 2003), *as amended* (Sept. 22, 2003) (internal citations and quotation marks omitted); *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013) (explaining substantial federal question jurisdiction will lie "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."); *Grable*, 545 U.S. at 312 (explaining substantial federal question doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law").

"Courts have fashioned a number of proxies to determine whether a state claim depends on the resolution of a federal question to such an extent as to trigger subject matter jurisdiction." *Lippitt*, 340 F.3d at 1045. In evaluating whether jurisdiction exists, a court must determine if the federal question goes to the gravamen of a plaintiff's claims, or, in other words, "[i]s the federal question 'basic' and 'necessary' as opposed to 'collateral' and 'merely possible'? Is the federal question 'pivotal' as opposed to merely 'incidental'? Is the federal question 'direct and essential' as opposed to 'attenuated?'" *Id.* (internal citations omitted). Nevertheless, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* at 1040.

Finally, a plaintiff may be able to defeat federal jurisdiction if an "alternative and independent" violation of state antitrust policies is offered as a basis for an unfair competition claim, even if a federal

3

basis is also offered. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

### IV. ANALYSIS

**A.     Federal Question Jurisdiction**

The core dispute between the parties remains whether a substantial federal issue is necessarily raised by one of CVMG's California Unfair Competition Law claims. *See Gunn*, 568 U.S. at 258; *Lippitt*, 340 F.3d at 1041-43.[1] As discussed in the Court's prior order, the California Supreme Court has defined an "unfair" business practice as "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Therefore, when pleading under the "unfair" prong of the UCL and alleging a violation of the policy or spirit of a state or federal antitrust law, the policy must be "tethered to specific constitutional, statutory or regulatory provisions." *Rheumatology Diagnostics Lab., Inc v. Aetna, Inc.*, No. 12–cv–05847–WHO, 2015 WL 1744330, at *24 (N.D. Cal. Apr. 15, 2015) (quoting *Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1271 (2006)); *see also Cel-Tech*, 20 Cal. 4th at 186-87 ("we must require that any finding of unfairness to competitors under section 17200 be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition."). But "a violation of the unfair prong may be based on conduct that 'significantly threatens or harms competition,' regardless of whether it represents an actual or incipient violation of an antitrust law." *Peoplebrowsr, Inc. v. Twitter, Inc.*, No. C–12–6120-EMC,

---

[1] AllCare makes a threshold argument that CVMG's motion is untimely. While CVMG did violate the Court's ordered deadline, CVMG is correct that 28 U.S.C. § 1447(c) requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

4

2013 WL 843032, at *4 (N.D. Cal. Mar. 6, 2013).

The Court previously ruled that CVMG's claim raised a substantial federal question because CVMG's sole theory of UCL unfair competition liability was that AllCare's conduct violated policies tethered to federal antitrust law. ECF. No. 20 at 10. The Court agrees with CVMG that the First Amended Complaint cures theses defects.

CVMG has removed the explicit references to federal antitrust policies. In fact, CVMG has moved away from antitrust allegations of any sort and does not allege that AllCare was a monopoly or was attempting to monopolize any market. Instead, CVMG's First Amended Complaint now pleads as the predicates for its "unfair" UCL claim that AllCare tortiously interfered with CVMG's contracts and prospective economic advantage and violated statutory requirements regarding communications with patients, alleging that in taking those actions AllCare "unfairly competed with CVMG" and this conduct "offends the policies of free competition and free trade, and significantly threatens or harms competition." ECF No. 21 ¶¶ 176-81, 183.

AllCare correctly points out that CVMG still fails to plead the state law "policies of free competition and free trade" underlying the claim. However, *Cel-Tech* provides that there are three possible predicates for an unfair competition claim: "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 187; *see also Peoplebrowsr*, No. C–12–6120-EMC, 2013 WL 843032, *4 (noting the alternative formulations of the unfair prong should be read in the disjunctive). CVMG's pleading that AllCare's conduct "significantly threatens or harms competition" creates an "alternative and independent" state law theory to support its unfair UCL claim. *Rains*, 80 F.3d at 346; *Cel-Tech*, 20 Cal.4th at 187. Such an alternative and independent theory means that federal law is no longer a necessary element of CVMG's unfair UCL claim. *See id.*; *Peoplebrowsr*, No. C–12–6120-EMC, 2013 WL 843032 ("Thus, a violation of the unfair prong of the UCL does not necessarily require establishing

5

a violation of the Sherman Act. . . . As Twitter has not demonstrated that PeopleBrowsr's unfair acts UCL claim arises under federal law, remand is appropriate."); *Gershfeld v. Champion Aerospace LLC*, No. SACV 13-1318-JVS (JEMx), 2013 WL 12123685, at *2 (C.D. Cal. Oct. 8, 2013) (ordering remand where "Plaintiff may succeed on his UCL failure-to-disclose claim with or without proving a violation of federal law."); *Caldwell v. N. Pac. Mortg. Corp.*, No. C10–05306-THE, 2011 WL 1303629, at *3 (N.D. Cal. Apr. 4, 2011) ("Thus because Plaintiffs' UCL claim is supported by state-law theories of liability, the claim is not necessarily federal in character, and the Caldwells' right to relief does not depend on the resolution of a disputed federal question."); *Briggs v. First Nat. Lending Servs.*, No. C 10-00267-RS, 2010 WL 962955, at *3 (N.D. Cal. Dec. 9, 2010) ("Here, since the complaint's UCL claim is supported by numerous theories of recovery under California law, the alleged violation of TILA is not considered a necessary element under *Rains*."); *California Pinnacle Sec. CA. LP*, 746 F. Supp. 2d 1129, 1131 (N.D. Cal. 2010) ("Because plaintiff is able to show defendant acted unlawfully based on these state law provisions and without any references to federal law, remand is appropriate."); *Hendricks v. Dynegy Power Mktg., Inc.*, 160 F. Supp. 2d 1155, 1165 (S.D. Cal. 2001) ("As a result, Plaintiffs can state a violation under § 17200 in two ways, independent of the Federal Power Act: either by alleging a violation of the Cartwright Act as the predicate offense, or by alleging that the anti-competitive activity was unfair or deceptive even if not unlawful."); *Castro v. Providian Nat'l Bank,* No. C–00–4256-VRW, 2000 WL 1929366, at *3 (N.D. Cal. Dec. 29, 2000) (ordering remand because "plaintiffs have both pled and intend to prove that the unlawful prong of section 17200 is supported by violations of state law as well.").

AllCare responds that CVMG's FAC UCL claim raises a necessary, substantial federal question, because the alleged conduct is solely cognizable as a federal anti-trust claim. ECF No. 34 at 8. AllCare supports this argument by citing to *In re: National Football Leagues Sunday Ticket Antitrust Litigation,* No. ML 15-02668-BRO, 2016 WL 1192642, at *5 (C.D. Cal. Mar. 28, 2016), which ruled that the plaintiff's case necessarily raised a substantial federal question because the plaintiff could not recover

unless they showed that the defendants obtained a monopoly and abused their monopoly position to charge supra-competitive prices. *Id.* ("[n]o California statute deals expressly with monopolization") (quoting *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1986)). However, critically, the plaintiff in *In re National Football Leagues* did not allege that the defendants significantly threatened or harmed competition in any way that was independent of the monopolization allegations. *See id.* ("Plaintiff's UCL cause of action relies on [d]efendants' alleged abuse of its monopoly position and charging supra-competitive prices.") (internal quotation marks omitted). The importance of that distinction was specifically addressed by the *In re National Football Leagues* court: "Unlike in *PeopleBrowsr*, [p]laintiff's [c]omplaint does not allege conduct that significantly threatens or harms competition, *regardless of* whether it represents an actual or incipient violation of an antitrust law." *Id.* (internal quotation marks omitted) (emphasis in the original). The other relevant cases cited by AllCare similarly involve claims that were explicitly tied to antitrust law, without distinct allegations that the conduct at issue "significantly threatens or harms competition." *See National Credit Reporting Ass'n Inc. v. Experian Info. Solutions, Inc.*, No. C04-01661-WHA, 2004 WL 1888769 (N.D. Cal 2004) (involving a claim explicitly tied to monopoly power); *Dimidowich v. Bell & Howard*, 803 F.2d 1473 (9th Cir. 1986), *as modified*, 810 F.2d 1517 (9th Cir. 1987) (involving explicit antitrust claims); *Flagship Theatres of Palm Desert, LLC v. Century Theatres, Inc.*, 198 Cal. App. 4th 1366 (Cal. Ct. App. 2011) (involving explicit antitrust claims); *Free FreeHand Corp. v. Adobe Sys. Inc.*, 852 F. Supp. 2d 1171 (N.D. Cal. 2012) (involving parties who agreed that their UCL claim was tied to federal antitrust); *Lorenzo v. Qualcomm Inc.*, 603 F. Supp. 2d 1291 (S.D. Cal. 2009) (involving a claim of "common law monopoly"); *Image Technical Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195 (9th Cir. 1997) (involving a claim explicitly based on the Sherman Act); *Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991 (9th Cir. 2010) (involving a claim explicitly based on the Sherman Act).

AllCare also cites a number of cases for the proposition that a finding that conduct is not an

antitrust violation precludes a finding of unfair competition. *See* ECF No. 34 at 13-14. But in all of those cases, the plaintiff either brought explicit antitrust claims or unfair competition claims based on underlying conduct that was *per se* lawful under the statute at issue. *LiveUniverse, Inc. v. MySpace, Inc.*, 304 Fed. Appx. 554 (9th Cir. 2008) (involving explicit federal antitrust claims); *Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363 (Cal. Ct. App. 2001) (involving a claim that was expressly precluded by statute); *U.S. Colo, LLC v. CoreSite One Wilshire, L.L.C.*, No. CV 14-4044 PSG (PLAx), 2014 WL 12689269 (C.D. Cal. 2014) (involving a claim based on violation of the Sherman Act); *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119 (N.D. Cal 2010) (involving explicit antitrust claims). While a finding of no antitrust violation could mean no unfair competition claim is available, *Cel-Tech* still creates a separate class of unfair competition claims for parties alleging "conduct that significantly threatens or harms competition" separate and apart from anti-trust violations. A finding of an anti-trust violation is not a mandatory predicate for such claims.

Here, like in *PeopleBrowsr*, CVMG has alleged that AllCare's conduct "significantly threatens or harms competition." ECF No. 21 ¶ 183. As *In re National Football Leagues* recognized, by pleading under this prong of *Cel-Tech*, CVMG's claim is not solely cognizable as a violation of federal antitrust law. AllCare raises legitimate concerns regarding whether CVMG's claim may be ultimately dismissed because it barely pleads how AllCare "significantly threatens or harms competition" in a manner distinct from unilateral monopolization or other violations of federal anti-trust law. Nevertheless, for purposes of this remand motion, CVMG's allegations are sufficient to state an "alternative and independent theory" that does not necessarily depend on federal antitrust laws or violations of antitrust policies.

Therefore, the Court concludes that CVMG's UCL claim in the FAC does not necessarily raise a substantial federal question, and there is no federal question jurisdiction.

**B.     Discretionary Retention of Jurisdiction Not Appropriate**

A "district court has discretion 'to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain' when

doing so 'serves the principles of economy, convenience, fairness, and comity.'" *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1149 (9th Cir. 2012) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345, 357 (1988)). Remand is preferred "[w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain." *Cohill*, 484 U.S. at 350. This case is still in a very early stage and CVMG's filing of the FAC has eliminated federal question jurisdiction. ECF No. 21 at 29-31. While the Court does not condone CVMG's tactics—even if CVMG was acting in good faith and not forum shopping as it claims, the unnecessary use of the parties' and court's precious resources could have been avoided had CVMG put minimal time and effort into researching and drafting their original complaint— there is little-to-no unfairness to AllCare in remanding to state court. And comity weighs at least equally in favor of letting California courts adjudicating their unfair competition laws, as opposed to the federal system's potential interest in interpreting federal anti-trust laws.

Furthermore, in the interests of judicial economy, the overburdened Eastern District of California Federal Court should be reluctant to retain jurisdiction over cases where it is so early in the case and there is no mandatory subject matter jurisdiction over the claims. The cases cited by AllCare for the proposition "once jurisdiction, always jurisdiction" all note the discretionary nature of retaining jurisdiction after amendments have removed the basis for federal jurisdiction. *Stafford v. Dollar Tree Stores, Inc.*, No. 2:13-CV-01187-KLM, 2014 WL 1330675 (E.D. Cal. 2014) (addressing a claim that a prior court's decision to maintain jurisdiction was clear error, and finding it was not); *Sanchez v. The Ritz Carlton*, No. CV-15-3484-PSG-PJWX, 2015 WL 4919972, (C.D. Cal 2015) (addressing a claim by the plaintiff that the court was compelled to remand after the basis of federal jurisdiction was gone). In fact, two of the cases cited by AllCare to support "once jurisdiction, always jurisdiction" ultimately remanded the cases before those courts. *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1132-33 (N.D. Cal 2002) (discussing the history of remand decisions where federal courts retain jurisdiction, but ultimately granting the plaintiff's motion to amend and remanding the case); *Firoozye v.*

*Earthlink Network*, 153 F. Supp. 2d 1115, 1121 (N.D. Cal. 2001) ("if none of the plaintiff's claims is preempted, the face of the plaintiff's well-pleaded complaint would not arise under federal law and this Court would not have jurisdiction, compelling remand to state court."). Consequently, the Court declines to exercise its discretion to retain jurisdiction.

C. **Costs and Attorney's Fees**

CVMG asks the Court to award costs and attorney's fees incurred as a result of the removal of this case. ECF No. 22 at 13-14. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such awards are appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[W]hen an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. "The objective reasonableness of removal is measured at the time of removal." *Pope v. Wells Fargo Bank, N.A.*, No. CIV.2:10-2807-WBS-KJM, 2010 WL 8388301, at *5 (E.D. Cal. Nov. 29, 2010). Nevertheless, "[i]n applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Martin*, 546 U.S. at 141; *see Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007) ("Under *Martin*, however, whether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)."); *see also Martin*, 546 U.S. at 140 ("[T]here is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases.").

Because the Court held that CVMG's original complaint presented a substantial and necessary federal question, AllCare had an objectively reasonable basis for seeking removal. ECF No. 20 at 10; *Martin*, 546 U.S. at 141. CVMG does not allege the existence of any unusual circumstances that would warrant a departure from the rule that counsels a denial of fees. ECF No. 22 at 13-14. CVMG's request for costs and fees will be denied.

# V. CONCLUSION AND ORDER

For the reasons stated above, CVMG's Renewed Motion to Remand is **GRANTED**. CVMG's request to recover costs and attorney's fees is **DENIED**. CVMG's request for a temporary restraining order is **DENIED** as moot.

IT IS SO ORDERED.

Dated: **July 25, 2019**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE